NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRAM ZEHTABI, Petitioner, v. MERRICK GARLAND, Attorney General, Respondent. | No. 21-1197 Agency No. A213-593-553 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 18, 2023
Submission Vacated April 19, 2023
Resubmitted September 14, 2023
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and ROSENTHAL,[**] District
Judge.

Pedram Zehtabi, a native and citizen of Iran, seeks review of a Board of

Immigration Appeals ("BIA") order affirming the denial of his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review denials of asylum, withholding of removal, and CAT relief for substantial evidence, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019), and may only reverse if "the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief," *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (cleaned up).

Substantial evidence supports the BIA's denial of asylum and withholding of removal because there is no nexus between Zehtabi's mistreatment and a protected ground. *See Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (for asylum, a protected ground must be "at least one central reason" for harm); *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (for withholding of removal, a protected ground must be "a reason" for harm).

Zehtabi worked as a land assessor for a bank in Iran. In June 2020, he was assigned to appraise a land parcel owned by Commander Hozar Arash, a high-ranking member of the Basij (a paramilitary group in the Iranian Revolutionary Guard Corps). Zehtabi testified that he found the land parcel to be significantly smaller than Commander Arash had claimed. A representative of Commander Arash offered Zehtabi a bribe to write a report inflating the size, and Zehtabi refused. When

2

Zehtabi returned to reassess the land parcel a week later, several men, including Commander Arash, again asked Zehtabi to falsely overstate the size of the land parcel in exchange for money. This time, Commander Arash threatened Zehtabi's life if he refused. Again, Zehtabi refused. Shortly after this conversation, Zehtabi received threatening text messages from unknown individuals, had his tires slashed by unknown individuals, was involved in a hit-and-run car accident, and was assaulted by two unknown individuals, who stole his phone and warned him to be careful.

The agency did not err in finding that Zehtabi was targeted by Commander Arash for a personal reason, and not for an imputed political opinion as a perceived whistleblower or his membership in the proposed particular social group of people "that ha[ve] acted against a ranking member of the Basij which is directly against the Supreme Leader hence against Khamenei and the Islamic Revolution." Zehtabi's testimony before the IJ shows that Commander Arash did not target Zehtabi based on any protected ground, but instead on Zehtabi's refusal to overstate the size of the land to financially benefit Commander Arash. Further, the evidence showed that the threatening text messages, tire slashing, and assaults on Zehtabi were committed by unknown persons with no evident connection to Commander Arash, and with no evident basis on a protected ground.

Substantial evidence also supports the agency's determination that Commander Arash's threats were on account of his own financial interests in the land fraud, rather than a protected ground. Zehtabi provided no direct or circumstantial evidence of motive sufficient to compel a conclusion contrary to that reached by the BIA. *See Navas v. INS*, 217 F.3d 646, 656–57 (9th Cir. 2000) (requiring evidence of the persecutor's motive to establish a nexus); *see also Garland v. Ming Dai*, 141 S. Ct. 1669, 1680 (2021) ("[E]ven if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof.").

Accordingly, the record does not compel the conclusion that Zehtabi's imputed political opinion or membership in his proposed particular social group was a reason, let alone a central reason, for any mistreatment. Because the lack of a nexus to a protected ground is dispositive of Zehtabi's asylum and withholding of removal claims, *see Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we do not consider his arguments regarding the BIA's relocation analysis or the BIA's determination that Zehtabi waived any challenge to the IJ's finding of no past persecution.

Substantial evidence also supports the BIA's denial of CAT relief. To qualify for CAT relief, a petitioner must show "that it is 'more likely than not' that he or she will be tortured, and not simply persecuted upon removal to a given country."

4

*Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(2)). Such torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* at 1282 (quoting 8 C.F.R. § 208.18(a)(1)).

Zehtabi's reliance on "generalized evidence of violence and crime" in Iran is insufficient to establish the particularized risk of torture necessary for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Zehtabi's family in Iran has not been threatened or harmed since he left. The record does not compel the conclusion that Zehtabi was tortured in Iran or would be tortured if he returned. Nor does Zehtabi show "clear indications" that the agency failed to consider all of the evidence before it. *See Garcia v. Holder*, 749 F.3d 785, 791–92 (9th Cir. 2014) ("Unless clear indications exist that the IJ or BIA did not consider the documentary evidence, general language that the agency 'considered all the evidence before [it]' is sufficient." (quoting *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011)).

Finding no abuse of discretion or legal error, we deny the petition for review.[1]

**PETITION DENIED**.

---

[1]  The pending motion to stay removal (Dkt. 2) and supplemental motion to stay removal (Dkt. 10) are denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.